IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ARMANDO GARIBO,

                    Petitioner,                              **8:21CV1**

          vs.

TODD WASMER, Warden;                            **MEMORANDUM AND ORDER**

                    Respondent.


This matter is before the court on initial review of Petitioner Armando Garibo's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons that follow, this matter will be dismissed without prejudice.

## I. BACKGROUND

Garibo alleges in his petition that he is currently "[s]erving a sentence . . . after having been convicted of a crime" and is challenging "[t]he dismiss[al] of all Postconviction and Habeas Corpus Procedures." (Filing 1 at CM/ECF pp. 1–2.) Garibo's petition and attachments thereto show that he was sentenced on February 3, 2016, in the District Court of Douglas County, Nebraska to 40 to 50 years' imprisonment for first degree sexual assault on a child. (*Id.* at CM/ECF pp. 1, 13–14.)

Liberally construed, Garibo raises due process and ineffective assistance of counsel claims. Garibo asks the court for "an evidentiary hearing because the

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

merits of his claims have not been heard or litigated in a full and fair hearing in state court." (*Id*. at CM/ECF p. 8.)

## II. DISCUSSION

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). A number of circuit courts have held that § 2254 and its provisions take precedence over § 2241 because it is the more specific statute. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279, n.4 (2nd Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3rd Cir. 2001).

Though Garibo filed his habeas petition pursuant to 28 U.S.C. § 2241, it is apparent that he is challenging his state-court conviction and the resulting detention. The appropriate and exclusive avenue for doing so is through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (concluding that a state prisoner "'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), . . . can only obtain habeas relief through § 2254, no matter how his pleadings are styled"). Thus, I conclude that Garibo is not entitled to habeas relief pursuant to § 2241 and this matter should be dismissed.

Even if I were to construe Garibo's petition as one brought under 28 U.S.C. § 2254, I would lack jurisdiction to review it as the petition would be successive.

The court's records reflect that Garibo unsuccessfully challenged his 2016 conviction in the Douglas County District Court of Nebraska in earlier federal habeas corpus litigation. *See Garibo v. State of Nebraska, et al.*, No. 8:18CV429 (D. Neb.) (Filings 18 & 19, March 4, 2019 Memorandum and Order and Judgment dismissing petition with prejudice). Thus, Garibo would be required to seek the permission of the Eighth Circuit Court of Appeals to commence this successive action under § 2254.[2] 28 U.S.C. § 2444(b)(2) & (3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition). Garibo may not avoid the strictures applicable to § 2254 habeas petitions by mischaracterizing his habeas petition as one for relief under 28 U.S.C. § 2241.

Although Garibo sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Garibo is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    The petition for writ of habeas corpus (filing 1) is denied and dismissed without prejudice to reassertion in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 properly authorized by the Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued.

---

[2] Indeed, Garibo should be aware of this requirement as I dismissed his previous § 2241 petition, construed as a § 2254 petition, because it was a second or successive petition for which he had not obtained permission to file. *Garibo v. Wasmer*, No. 8:20CV88 (D. Neb.) (Filings 7 & 8, April 15, 2020 Memorandum and Order and Judgment).

2.      Judgment will be entered by separate document.

Dated this 23rd day of April, 2021.

                                        BY THE COURT:

                                        *Richard G. Kopf*

                                        Richard G. Kopf
                                        Senior United States District Judge